**THE UNITED STATES DISTRICT COURT FOR**
**THE WESTERN DISTRICT OF VIRGINIA**
**Roanoke Division**

**JOANNE ROGERS and ANGELA STAR DAVIS,**
**individually and on behalf of all others similarly situated,**

      **Plaintiffs,**

**v.**                                          **Case No.** __7:21cv603__

**SELECTQUOTE INSURANCE SERVICES INC.,**

      **Defendant.**

**CLASS ACTION COMPLAINT**

Plaintiffs Joanne Rogers and Angela Star Davis (collectively, "Plaintiffs"), individually and on behalf of all others similarly situated, allege as follows:

**Nature of Action**

1.     As the Supreme Court has explained, "Americans passionately disagree about many things. But they are largely united in their disdain for robocalls. The Federal Government receives a staggering number of complaints about robocalls—3.7 million complaints in 2019 alone. The States likewise field a constant barrage of complaints. For nearly 30 years, the people's representatives in Congress have been fighting back. As relevant here, the Telephone Consumer Protection Act of 1991, known as the TCPA, generally prohibits robocalls to cell phones and home phones." *Barr v. Am. Ass'n of Political Consultants*, 140 S. Ct. 2335, 2343 (2020).

2.     This case involves a campaign by SelectQuote Insurance Services Inc. ("SelectQuote") to telemarket services through the use of pre-recorded messages to telephone numbers assigned to a cellular service.

3.      Because telemarketing campaigns use technology capable of generating thousands of similar calls per day, Plaintiffs sues on behalf of proposed nationwide class of other persons who received similar calls.

4.      A class action is the best means of obtaining redress for SelectQuote's illegal telemarketing and is consistent both with the private right of action afforded by the TCPA and the fairness and efficiency goals of Rule 23 of the Federal Rules of Civil Procedure.

## Parties

5.      Plaintiff Joanne Rogers resides in Waynesboro, Virginia.

6.      Plaintiff Angela Star Davis resides in Salem, Virginia.

7.      Defendant SelectQuote Insurance Services, Inc. is a California corporation headquartered in Kansas. It is registered to do business in Virginia and offers insurance services in Virginia, as it attempted to do with the Plaintiffs by sending them pre-recorded telemarketing calls.

## Jurisdiction & Venue

8.      This Court has subject matter jurisdiction under 28 U.S.C. § 1332(d)(2) and 28 U.S.C. § 1331.

9.      Venue is proper under 28 U.S.C. § 1391(b)(2) because a substantial part of the events or omissions giving rise to the claim – in particular, the Plaintiffs' receipt of the calls – occurred in this District.

## TCPA Background

10.      In 1991, Congress enacted the TCPA to regulate the explosive growth of the telemarketing industry.  In so doing, Congress recognized that "[u]nrestricted telemarketing . . .

can be an intrusive invasion of privacy [.]" Telephone Consumer Protection Act of 1991, Pub. L. No. 102-243, § 2(5) (1991) (codified at 47 U.S.C. § 227).

11.     The TCPA makes it unlawful to make any call (other than a call made for emergency purposes or made with the prior express consent of the called party) using an automatic telephone dialing system or an artificial or prerecorded voice to any telephone number assigned to a cellular telephone service or that is charged per the call.  *See* 47 U.S.C. § 227(b)(1)(A)(iii).

12.     The TCPA provides a private cause of action to persons who receive calls in violation of 47 U.S.C. § 227(b)(1)(A) or 47 U.S.C. § 227(b)(1)(B).  *See* 47 U.S.C. § 227(b)(3).

13.     According to findings by the Federal Communication Commission ("FCC"), the agency Congress vested with authority to issue regulations implementing the TCPA, such calls are prohibited because, as Congress found, automated or prerecorded telephone calls are a greater nuisance and invasion of privacy than live solicitation calls, and such calls can be costly and inconvenient.

14.     In 2013, the FCC required prior express written consent for all autodialed or prerecorded telemarketing calls ("robocalls") to wireless numbers and residential lines. Specifically, it ordered that:

> [A] consumer's written consent to receive telemarketing robocalls must be signed and be sufficient to show that the consumer:  (1) received "clear and conspicuous disclosure" of the consequences of providing the requested consent, i.e., that the consumer will receive future calls that deliver prerecorded messages by or on behalf of a specific seller; and (2) having received this information, agrees unambiguously to receive such calls at a telephone number the consumer designates.[] In addition, the written agreement must be obtained "without requiring, directly or indirectly, that the agreement be executed as a condition of purchasing any good or service.[]"

*In the Matter of Rules & Regulations Implementing the Tel. Consumer Prot. Act of 1991,* 27 F.C.C. Rcd. 1830, 1844 (2012) (footnotes omitted).

## Factual Allegations

15.    At no point have the Plaintiffs sought out or solicited information regarding SelectQuote's goods and services prior to receiving the telemarketing call at issue.

### *Calls to Plaintiff Rogers*

16.    Plaintiff Rogers telephone number, 540-XXX-9302, is assigned to a cellular telephone service.

17.    Ms. Rogers received a pre-recorded message call from SelectQuote on August 2, 2021 and September 10, 2021.

18.    The August 2, 2021 call came from Caller ID (540) 299-0411.

19.    Other individuals have complained about calls from that number. *See* https://800notes.com/Phone.aspx/1-540-299-0411 (Last Visited November 10, 2021).

20.    The pre-recorded message for the September August 2, 2021 call was generic and not addressed to Ms. Rogers.

21.    It asked the call recipient if they were interested on saving on health insurance.

22.    A second recorded message then asked the recipient if they were over 65.

23.    Ms. Rogers responded to the recorded message to identify who was calling her.

24.    Ms. Rogers eventually was transferred to an agent named Kianoa Lopez, who said she was with SelectQuote's Medicare Advisory in Virginia.

25.    She promoted SelectQuote insurance services.

4

26. The September 10, 2021 call came from Caller ID (757) 944-9256.

27. Other individuals have complained about calls from that number. *See* https://www.reportedcalls.com/7579449256 (Last Visited November 10, 2021).

28. The pre-recorded message for the September 10, 2021 call was generic and not addressed to Ms. Rogers.

29. It asked the call recipient if they were interested on saving on health insurance.

30. A second recorded message then asked the recipient if they were over 65.

31. Ms. Rogers responded to the recorded message to identify who was calling her.

32. Ms. Rogers eventually was transferred to an agent named "Julie", who indicated she worked for SelectQuote Senior.

33. She promoted SelectQuote insurance services.

*Calls to Plaintiff Davis*

34. Plaintiff Davis's telephone number, 540-XXX-4618, is assigned to a cellular telephone service.

35. Ms. Davis received a pre-recorded message call from SelectQuote on October 12, 2021.

36. The call came from Caller ID (540) 617-0046.

37. The pre-recorded message for the call was generic and not addressed to Ms. Davis.

38. It asked the call recipient if they were interested on saving on health insurance.

39. A second recorded message then asked the recipient if they were over 65.

40.     Ms. Davis responded to the recorded message to identify who was calling her.

41.     Ms. Davis eventually was transferred to an agent named Qwaneisha Simmons, who said she was with SelectQuote.

42.     She provided an e-mail address of Qwaneisha.simmons@selectquote.com.

43.     She promoted SelectQuote insurance services.

44.     Ms. Davis received a pre-recorded message call from the Defendant on October 13, 2021.

45.     The call came from Caller ID (540) 889-0821.

46.     The pre-recorded message for the call was generic and not addressed to Ms. Davis.

47.     It asked the call recipient if they were interested on saving on health insurance.

48.     A second recorded message then asked the recipient if they were over 65.

49.     Ms. Davis responded to the recorded message to identify who was calling her.

50.     Ms. Davis eventually was transferred to an agent named William Marlar, who said he was with SelectQuote.

51.     He provided an e-mail address of William.Marler@selectquote.com.

52.     He promoted SelectQuote insurance services highlighting the fact that they had been in business for 35 years.

53.     Plaintiffs contacted SelectQuote prior to filing this lawsuit to determine the basis for contacting their cellular telephones.  They received no response.

54.     Plaintiffs and the other call recipients were harmed by these calls. They were temporarily deprived of legitimate use of their phones because the phone line was tied up during the telemarketing calls and their privacy was invaded. Moreover, these calls injured Plaintiffs and the other call recipients because they were frustrating, obnoxious, annoying, were a nuisance and disturbed the solitude of plaintiff and the class.

### Class Allegations

55.     Plaintiffs incorporate by reference all other paragraphs of this Complaint as if fully stated herein.

56.     Plaintiffs bring this action on behalf of himself and the following class (the "Class") pursuant to Federal Rule of Civil Procedure 23:

> **Robocall Class:** All persons within the United States: (1) to whose cellular telephone number (2) SelectQuote (or an agent acting on behalf of SelectQuote) placed a telemarketing call (3) within the four years prior to the filing of the Complaint (4) using an identical or similar pre-recorded message used to place telephone calls to Plaintiffs.

57.     Plaintiffs are members of and will fairly and adequately represent and protect the interests of the Class as they have no interests that conflict with any of the Class members.

58.     Plaintiffs and all members of the Class have been harmed by the acts of SelectQuote, including, but not limited to, the invasion of their privacy.

59.     This Class Action Complaint seeks injunctive relief and money damages.

60.     The Class as defined above are identifiable through dialer records, other phone records, and phone number databases.

61.    Plaintiffs do not know the exact number of members in the Class, but Plaintiffs reasonably believes Class members number, at minimum, in the hundreds in each of the Class due to the *en masse* nature of automated telemarketing campaigns.

62.    The joinder of all class members is impracticable due to the size and relatively modest value of each individual claim.

63.    Additionally, the disposition of the claims in a class action will provide substantial benefit to the parties and the Court in avoiding a multiplicity of identical suits.

64.    There are well defined, nearly identical, questions of law and fact affecting all parties. The questions of law and fact, referred to above, involving the claims predominate over questions which may affect individual class members because of the uniformity of the telemarketing conduct.

65.    There are numerous questions of law and fact common to Plaintiffs and to the proposed Class, including but not limited to the following:

> (a) whether the telemarketing calls at issue were made to Plaintiffs and members of the Class without first obtaining prior express written consent to make the calls;
>
> (b) whether SelectQuote's conduct constitutes a violation of the TCPA; and
>
> (c) whether members of the Class are entitled to treble damages based on the willfulness of SelectQuote's conduct.

66.    Plaintiffs have retained counsel with substantial experience in prosecuting complex litigation and class actions, and especially TCPA class actions.  Plaintiffs and their counsel are committed to vigorously prosecuting this action on behalf of the other members of the Class and have the financial resources to do so.

67.     Common questions of law and fact predominate over questions affecting only individual class members, and a class action is the superior method for fair and efficient adjudication of the controversy.  The only individual question concerns identification of Class members, which will be ascertainable from records maintained by SelectQuote and/or their agents.

68.     The likelihood that individual members of the Class will prosecute separate actions is remote due to the time and expense necessary to prosecute an individual case.

**FIRST CAUSE OF ACTION**
**Violation of the Telephone Consumer Protection Act**
**(47 U.S.C. 227(b)) on behalf of the Robocall Class**

69.     Plaintiffs incorporate the foregoing paragraphs as if fully set forth herein.

70.     The foregoing acts and omissions of SelectQuote and/or their affiliates, agents, and/or other persons or entities acting on SelectQuote's behalf constitute numerous and multiple violations of the TCPA, 47 U.S.C. § 227, by making calls, except for emergency purposes, to the cellular telephone numbers of Plaintiffs and members of the Class delivering pre-recorded messages.

71.     As a result of SelectQuote's and/or its affiliates, agents, and/or other persons or entities acting on SelectQuote's behalf's violations of the TCPA, 47 U.S.C. § 227, Plaintiffs and members of the Class presumptively are entitled to an award of $500 in damages for each and every call made to their residential or cellular telephone numbers using an artificial or prerecorded voice in violation of the statute, pursuant to 47 U.S.C. § 227(b)(3)(B).

72.     If the SelectQuote's conduct is found to be knowing or willful, Plaintiffs and members of the Class are entitled to an award of up to treble damages.

73.     Plaintiffs and members of the Class are also entitled to and do seek injunctive relief prohibiting SelectQuote and/or its affiliates, agents, and/or other persons or entities acting on SelectQuote's behalf from violating the TCPA, 47 U.S.C. § 227, by making calls, except for emergency purposes, to any cellular telephone numbers using an artificial or prerecorded voice in the future.

WHEREFORE, Plaintiffs, individually and on behalf of the Class, pray for the following relief:

A.     Injunctive relief prohibiting SelectQuote from making telephone calls, except for emergency purposes, utilizing pre-recorded messages;

B.     As a result of SelectQuote's negligent, willful and/or knowing violations of 47 U.S.C. 227(c)(5), Plaintiffs seeks for themselves and each member of the Class up to treble damages, as provided by statute, of up to $1,500 for each and every violation of the TCPA;

C.     An order certifying this action to be a proper class action pursuant to Federal Rule of Civil Procedure 23, establishing Class the Court deems appropriate, finding that Plaintiffs are a proper representative of the Class, and appointing the lawyers and law firms representing Plaintiffs as counsel for the Class;

D.     Such other relief as the Court deems just and proper.

Plaintiffs requests a jury trial as to all claims of the complaint so triable.

**JOANNE ROGERS and**
**ANGELA STAR DAVIS**

**By Counsel:**

/s/ *Michael B. Hissam*
Michael B. Hissam (VSB # 76843)
Hissam Forman Donovan Ritchie PLLC
P.O. Box 3983
Charleston, WV 25339
t: 681-265-3802
f: 304-982-8056
mhissam@hfdrlaw.com