# UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF VIRGINIA
# ROANOKE DIVISION

JOANNE ROGERS and ANGELA STAR
DAVIS, individually and on behalf of all
others similarly situated,

    Plaintiffs,

v.

                                                    Case No. 7:21-cv-00603-EKD

SELECTQUOTE INSURANCE SERVICES INC.,

    Defendant.

_____/

## UNOPPOSED MOTION TO STAY DEADLINES PENDING THE COURT'S DECISION ON MOTION TO COMPEL ARBITRATION

Defendant, SelectQuote Insurance Services (SelectQuote), through counsel and under the Federal Rules of Civil Procedure, respectfully moves this Court, unopposed, to stay all remaining deadlines pending the Court's ruling on SelectQuote's forthcoming Motion to Compel Arbitration, and states:

1. On June 14, 2022, the Court entered a Scheduling Order setting forth critical case deadlines. The Court has not placed this matter on the trial docket.

2. On September 15, 2022, SelectQuote moved for leave to amend its answer to assert an arbitration affirmative defense.

3. On October 3, 2022, after SelectQuote's motion was granted, SelectQuote filed the amended answer.

4. The Parties now wish to stay all remaining case deadlines, including discovery deadline, expert deadlines, class certification deadlines, and dispositive motion

deadlines, while the parties brief and the Court decides SelectQuote's forthcoming Motion to Compel Arbitration.[1]

5. The law is clear, "[t]he District Court has broad discretion to stay proceedings as an incident to its power to control its own docket." *Clinton v. Jones*, 520 U.S. 680, 706 (1997). This "broad discretion" includes the power "to stay [pretrial activities] pending resolution of a motion." *Bennett v. Fastenal Co.*, 2016 WL 10721816, at *1 (W.D. Va. Mar. 8, 2016). In fact, the Federal Rules of Civil Procedure empowers the Court to exercise this broad discretion in a way to "discourag[e] wasteful pretrial activities." F.C.R.P. 12(a)(4). Courts look to a motions potential to terminate claims when considering whether to enter a stay. *White v. Clarke*, 2022 WL 5265160, at *1 (W.D. Va. Oct. 6, 2022).

6. A stay of pre-trial activities is warranted pending briefing and ruling on a motion to compel arbitration so the Court and parties can avoid "expend[ing] resources managing a complex-class action suit unnecessarily" which would "significantly wast[e] judicial resources." *Bernal v. Burnett*, 2010 WL 4792628, at *2 (D. Colo. Nov. 18, 2010). For this reason, courts routinely stay pretrial activity pending a motion to compel arbitration. *See e.g. Waltrip v. Pilot Travel Centers LLC*, 2021 WL 6693841, at *2 (D.N.M. Dec. 14, 2021); *Merrill Lynch, Pierce, Fenner & Smith Inc. v. Coors*, 357 F. Supp. 2d 1277, 1280 (D. Colo. 2004) ("At this juncture, the court finds good cause for Defendant's

---

[1] Counsel for SelectQuote is diligently working to complete the motion to compel arbitration and obtain the necessary third-party testimony in support thereof. This motion is filed without waiving any arguments for or against the Motion.

requested stay. While the court has no reason to address the ultimate merits of the parties' respective positions on the scope and applicability of the arbitration provision at issue, I find that the interests of judicial economy would be advanced by staying discovery in this action pending a decision on Defendant's dispositive motion."); *Max Software, Inc. v. Computer Associates Intern., Inc.,* 364 F. Supp. 2d 1233, 1236 (D. Colo. 2005).

7. Therefore, good cause exists to stay the proceedings pending a ruling on the parties briefing relating to arbitration. A stay avoids wasteful, expensive pretrial activities which would waste judicial resources and require the Parties to expend in additional resources managing a lawsuit that could be mooted by order compelling arbitration.

8. Granting the relief sought in this motion would not prejudice any party.

WHEREFORE, defendant, SelectQuote Insurance Services, respectfully requests this Court stay all remaining deadlines pending a decision on arbitration. If arbitration is not compelled, the Parties will submit new proposed pre-trial deadlines within 30 days of the order regarding arbitration.

Dated: October 20, 2022

Respectfully submitted,

*/s/ Michael P. Schuette*
Michael P. Schuette, Esq. (*pro hac*)
Florida Bar No. 0106181
Dayle M. Van Hoose, Esq. (*pro hac*)
Florida Bar No. 0016277
Sessions, Israel & Shartle, LLC
3350 Buschwood Park Drive, Suite 195
Tampa, Florida 33618
Telephone: (813) 890-2460
Facsimile: (877) 334-0661

>mschuette@sessions.legal
>dvanhoose@sessions.legal
>
>*Counsel for Defendant,*
>*SelectQuote Insurance Services*

## CERTIFICATE OF SERVICE

I certify that on this 20th day of October 2022, a copy of the foregoing was filed electronically via CM/ECF system. Notice of this filing will be sent to the parties of record by operation of the Court's electronic filing system, including plaintiff's counsel as described below:

Michael B. Hissam, Esq.  
Hissam Forman Donovan Ritchie PLLC  
707 Virginia Street East, Suite 260  
Charleston, WV 25301  
mhissam@hfdrlaw.com

Anthony L. Paronich, Esq.  
Paronich Law, P.C.  
350 Lincoln St., Suite 2400  
Hingham, MA 02043  
anthony@paronichlaw.com

>*/s/ Michael P. Schuette*  
>Attorney

4